## ANGRAVE *vs.* STONE and others.

In an action to set aside as fraudulent and void as against creditors, a sale of merchandise made by S. & Co. in August, 1861, the judge admitted evidence of an assignment made by S. to his son, in May, 1861, and of the consideration therefor, and the manner of payment. *Held* that the assignment having occurred after the embarrassments of S. & Co. commenced, and appearing to be a part of the general plan of S. to place his property beyond the reach of his creditors, upon execution, the inquiry was clearly within the rule in respect to evidence of contemporaneous frauds.

*Held, also*, that proof that several of the notes given by the purchasers of the debtor's stock of goods, at the alleged fraudulent sale, had been paid since the commencement of the action, was properly excluded.

THIS action was brought to set aside and declare void a sale of a quantity of merchandise made by the firm of E. Stone & Co. to the defendants, Stone & Hall, in August, 1861. The cause was tried before his Honor Justice ALLEN, at a special term in February, 1863, without a jury. Subsequently a decree was entered by direction of said justice, setting aside said sale, and declaring it a fraud upon the creditors of E. Stone & Co. and also decreeing payment of the plaintiff's judgment against said firm of E. Stone & Co. with costs of this action. The value of the merchandise so sold was $12,437. The judgment, which was ordered to be paid out of the proceeds of the sale of said merchandise, was $1,661.92, and was recovered by the plaintiff in the action against the defendants, E. Stone & Co., on the 22d day of January, 1862. The costs of this action, which the de-

fendants were ordered to pay, were adjusted at $187.24. From this judgment and decree the defendants appealed to the general term.

*Torrance & Spaulding,* for the appellants.

*Henry Nicoll,* for the respondent.

*By the Court,* LEONARD, J. The facts and conclusions of law found by the judge appear to be fully supported by the evidence, and can not be disturbed.

There were two exceptions taken by the defendants during the progress of the trial, which are the only ones insisted upon by them as erroneous.

1st. The judge admitted evidence, against the objection of the defendants of an assignment by Edward Stone, one of the judgment debtors, to his son, Edward F. Stone, and of the consideration therefor, and the manner of its payment, occurring in May, 1861; while the particular transaction sought to be set aside as fraudulent occurred about the first of August following. These acts, it is insisted by the defendants, were not contemporaneous, and that the former transaction was not admissible under the rule in respect to contemporaneous fraud.

The acts appear to have occurred after the embarrassments of the debtors commenced, and appear to be a part of the general plan of Edward Stone to place his property beyond the reach of his creditors upon execution. The inquiry was clearly within the rule referred to.

2d. The defendants also offered proof that several of the notes given by the purchasers of the debtors' stock as part of the consideration for the transaction alleged to be fraudulent, had been paid since the commencement of the action. The evidence was excluded, and the defendants excepted to the ruling.

The payment of the consideration after the commence-

ment of suit could not change the character of the transaction. The defendants can not make evidence to purge the fraud at so late a period. There appears to be no error in these rulings; and there were no other objections raised at the argument.

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, September 19, 1865. *Ingraham, Leonard* and *Sutherland,* Justices.]